**REDACTED**

FILED
AUG 12 2021
US DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 21 – 55 |
| | : | |
| RYAN LAMAR FREEMAN, (a.k.a. "Suel"), | : | |
| | : | |
| SHAQUAYVIS ASBERRY (a.k.a. "Smash"), | : | |
| | : | |
| Defendants. | : | |

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

### CONSPIRACY TO DEAL IN FIREARMS WITHOUT A LICENSE

At all times relevant to this Indictment:

1. Defendant RYAN LAMAR FREEMAN was a resident of Georgia.

2. Defendant SHAQUAYVIS ASBERRY was a resident of Georgia.

3. Federal Firearms Licenseess ("FFL") are authorized to deal in firearms under federal laws.

4. FFL holders are licensed, among other things, to sell firearms and ammunition. Various rules and regulations, promulgated under the authority of Chapter 44, Title 18, United States Code, govern the manner in which FFL holders are permitted to sell firearms and ammunition.

5. The rules and regulations governing FFL holders require that a person seeking to purchase a firearm fill out a Firearm Transaction Record, ATF Form 4473. Part of the ATF

Form 4473 requires that the prospective purchaser certify that all his or her answers on ATF Form 4473 are true and correct.

6. FFL holders are required to maintain a record, in the form of a completed ATF Form 4473, of the identity of the actual buyer of firearms sold by the FFL holder, including the buyer's home address and date of birth.

7. Defendants FREEMAN and ASBERRY were not licensed by the federal government to sell firearms.

8. From in or about March 2020 through in or about January 16, 2021, in the District of Delaware and elsewhere, defendants

**RYAN LAMAR FREEMAN, and
SHAQUAYVIS ASBERRY**

conspired and agreed, together and with others known and unknown to the grand jury, to commit an offense against the United States, that is, to willfully engage in the business of dealing in firearms without being licensed to do so, in violation of Title 18, United States Code, Section 922(a)(1)(A).

**MANNER AND MEANS**

9. Defendants FREEMAN and ASBERRY were associated with each other and worked together to sell firearms.

10. Defendants FREEMAN and ASBERRY acquired firearms through a various means which they then sold to others for profit.

11. Defendants FREEMAN and ASBERRY communicated with each other and with potential buyers and sellers of firearms through various means, including text messages, often sharing photos or videos of the firearms they intended to sell.

12. Defendants FREEMAN and ASBERRY travelled to Philadelphia, Pennsylvania to sell firearms.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants FREEMAN and ASBERRY committed the following overt acts, among others, in the District of Delaware and elsewhere

13. Between March 3, 2020, and August 4, 2020, defendant FREEMAN purchased at least 20 firearms from at least 7 different FFLs in Georgia.

14. On or about June 27, 2020, defendant FREEMAN engaged in a text message conversation with D.S., an individual known to the grand jury, who resided in Philadelphia, Pennsylvania, about the sale of an AK-type rifle.

15. On or about July 3, 2020, defendant FREEMAN purchased two firearms – (1) a Glock, 36, .45 caliber semiautomatic pistol, Serial Number DWM71045, and (2) a Glock, 27, .40 caliber semiautomatic pistol, Serial Number BKWW610 – from Gentry Pawn Shop, 65 Jefferson Street, Newnan, Georgia. Later that same day, defendant FREEMAN engaged in a text conversation with R.W., an individual known to the grand jury, who resided in Philadelphia, Pennsylvania. During this conversation, defendant FREEMAN referenced a willingness to sell a .40 caliber firearm for $450, and .45 caliber for $425, stating: "The 40 $450 n 45 $425 – you want the 45 or the 40 I don't care which one."

16. On or about July 9, 2020, defendant FREEMAN engaged in a text conversation with an individual about that individual purchasing firearms for FREEMAN and his associates.

17. On or about July 15, 2020, defendant FREEMAN took four photos of what purported to be at least nine firearms.

18. On or about July 17, 2020, defendant FREEMAN engaged in a text message conversation with R.W., during which he inquired about whether R.W. knew anybody who wanted a "glock wit the beam" – i.e., a Glock firearm outfitted with a laser beam aiming attachment – for the price of $1,500. During the conversation, defendant FREEMAN was provided the cellular telephone number for defendant ASBERRY.

19. On or about July 20, 2020, defendant FREEMAN filed a police report with the Clayton County Police Department, located in Clayton, Georgia, wherein he falsely claimed that five (5) firearms that he had previously purchased had been stolen.

20. On or about July 20, 2020, defendant FREEMAN engaged in a text conversation with R.W. during which he told R.W. that he had filed the aforementioned false police report.

21. On or about July 27, 2020, defendants FREEMAN and ASBERRY engaged in a text conversation during which they discussed various firearms and the prices that those firearms could be sold for.

22. On or about July 29, 2020, defendants FREEMAN and ASBERRY engaged in a text conversation during which they discussed the profitability of taking a trip "up there," referencing Philadelphia, Pennsylvania where FREEMAN "got the plays."

23. On or about August 11, 2020, defendants FREEMAN and ASBERRY engaged in a text conversation during which defendant ASBERRY informed defendant FREEMAN, "next trip we leaving on the 20th."

24. On or about August 13, 2020, defendant FREEMAN provided United States currency to S.B., a person known to the Grand Jury, so that S.B. could purchase firearms for

4

defendant FREEMAN.  S.B. purchased six firearms:  (1) a SCCY, CPX-1, 9mm semi-automatic pistol, Serial #937907; (2) a SCCY, CPX-2 9mm semi-automatic pistol, Serial #949622; (3) a SCCY, CPX-2, 9mm semi-automatic pistol, Serial #948387; (4) a Smith & Wesson, SD9VE, 9mm semi-automatic pistol, Serial #FCK2506; (5) a Ruger, Security 9, 9mm semi-automatic pistol, Serial #383-53716; and (6) a Taurus, G2C, .40 caliber semi-automatic pistol, Serial #ABH811298 from Grove Pawn, LLC, 201 Tanger Blvd., Locust Grove, Georgia.

25.  On or about August 15, 2020, defendant FREEMAN engaged in text message conversations with several people during which he sought to purchase firearms, including a Glock 22, Glock 17, Glock 19, and a Taurus.

26.  On or about August 16, 2020, defendant FREEMAN recorded a video on his phone which depicted sixteen (16) firearms, including those purchased by S.B. three days earlier.

27.  From on or about August 17, 2020, to on or about August 18, 2020, defendant FREEMAN engaged in a text conversation with an individual during which defendant FREEMAN indicated that he had .40 caliber and .9 mm firearms available and what the prices for those firearms would be.

28.  On or about August 18, 2020, defendant FREEMAN engaged in a text conversation with an individual during which they discussed the sale of firearms.  Defendant FREEMAN informed the individual, "you can get as many as you want but the number is set."  The individual responded that, "Cool I just want the 40's," to which defendant FREEMAN responded, "I only got 2 Glock .40 left…I can do 3 for 3..2 .40's n Nina."

29.  On or about September 25, 2020 defendant FREEMAN filed a police report with the Riverdale Police Department, located in Riverdale, GA, wherein he falsely claimed that five (5) firearms that he had previously purchased had been stolen.

30. On or about October 10, 2020, S.B., having been advised to do so by defendant FREEMAN, reported to the Clayton County Georgia Police Department that the six firearms that S.B. had purchased on August 13, 2020, had been stolen.

31. On or about January 3, 2021, defendant FREEMAN engaged in a text conversation with R.W. about the sale of two firearms.

32. Between January 7, 2021, and January 15, 2021, defendant ASBERRY, while staying at the Country Hearth Inn & Suites Union City Atlanta, located in Union City, Georgia, took photographs which depicted several firearms.

33. On or about January 15, 2021, defendants ASBERRY and FREEMAN, along with a juvenile left Georgia in route to Philadelphia, Pennsylvania.

34. On or about January 16, 2021, in Wilmington, Delaware, law enforcement seized ten (10) firearms from the vehicle occupied by defendants ASBERRY and FREEMAN: (1) a Sig Sauer, P320, 9mm semiautomatic pistol, Serial Number 58H071853, loaded with 15 rounds of ammunition in the magazine and one in the chamber; (2) a Taurus, G2C, 9mm semiautomatic pistol, Serial Number TLU68615; (3) a Smith and Wesson, M&P 40, .40 caliber semiautomatic pistol, Serial Number NBK6695; (4) a Glock, 37, .45 GAP semiautomatic pistol, Serial Number LAB423; (5) a Glock, 23, .40 caliber semiautomatic pistol, Serial Number EFB964US, loaded with 13 rounds of ammunition in the magazine and one in the chamber; (6) a Taurus, PT 145 Pro, .45 caliber semiautomatic pistol, Serial Number NBS59615; (7) a Steyr, S40-A1, .40 caliber semiautomatic pistol, Serial Number 3040712; (8) a Springfield, Operator, .45 caliber semiautomatic pistol, Serial Number 331608; (9) a Taurus, P 945, .45 caliber semiautomatic pistol Serial Number NOD67982; and (10) a Smith and Wesson, M&P 40 Shield, .40 caliber semiautomatic pistol, Serial Number HWS5476.

35. On or about January 16, 2021, defendant FREEMAN, knowing that defendant ASBERRY could not lawfully possess firearms, asked law enforcement, "If I say all the guns are mine, will you let my boy go." Defendant FREEMAN later falsely told law enforcement that all the guns found in the vehicle were his.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about January 16, 2021, in Wilmington, in the District of Delaware, defendant SHAQUAYVIS ASBERRY, knowing he had previously been convicted in the Superior Court of the State of Georgia of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce, 10 firearms, to wit, (1) a Sig Sauer, P320, 9mm semiautomatic pistol, Serial Number 58H071853, loaded with 15 rounds of ammunition in the magazine and 1 in the chamber; (2) a Taurus, G2C, 9mm semiautomatic pistol, Serial Number TLU68615; (3) a Smith and Wesson, M&P 40, .40 caliber semiautomatic pistol, Serial Number NBK6695; (4) a Glock, 37, .45 GAP semiautomatic pistol, Serial Number LAB423; (5) a Glock, 23, .40 caliber semiautomatic pistol, Serial Number EFB964US, loaded with 13 rounds of ammunition in the magazine and 1 in the chamber; (6) a Taurus, PT 145 Pro, .45 caliber semiautomatic pistol, Serial Number NBS59615; (7) a Steyr, S40-A1, .40 caliber semiautomatic pistol, Serial Number 3040712; (8) a Springfield, Operator, .45 caliber semiautomatic pistol, Serial Number 331608; (9) a Taurus, P 945, .45 caliber semiautomatic pistol Serial Number NOD67982; and, (10) Smith and Wesson, M&P 40 Shield, .40 caliber semiautomatic pistol, Serial Number HWS5476.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT THREE

On or about January 16, 2021, in the District of Delaware, defendant RYAN LAMAR FREEMAN, in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an agency of the United States Department of Justice within the executive branch of the Government of the United States, knowingly and willfully made false, fictitious, and fraudulent statements and representations in that defendant FREEMAN claimed that he was the sole owner and possessor of all 10 guns seized by law enforcement earlier that day, when, as defendant FREEMAN then and there well knew, that statement was false.

In violation of Title 18, United States Code, Section 1001(a)(2).

## NOTICE OF FORFEITURE

Upon conviction for the offenses alleged in Counts One and Two of this Indictment, defendants

### RYAN LAMAR FREEMAN, and
### SHAQUAYVIS ASBERRY

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28 United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including but not limited to: (1) a Sig Sauer, P320, 9mm semiautomatic pistol, Serial Number 58H071853, loaded with 15 rounds of ammunition in the magazine and one in the chamber; (2) a Taurus, G2C, 9mm semiautomatic pistol, Serial Number TLU68615; (3) a Smith and Wesson, M&P 40, .40 caliber semiautomatic pistol, Serial Number NBK6695; (4) a Glock, 37, .45 GAP semiautomatic pistol, Serial Number LAB423; (5) a Glock, 23, .40 caliber semiautomatic pistol, Serial Number EFB964US, loaded with 13 rounds of ammunition in the magazine and one in the chamber; (6) a Taurus, PT 145 Pro, .45 caliber semiautomatic pistol, Serial Number NBS59615; (7) a Steyr, S40-A1, .40 caliber semiautomatic

pistol, Serial Number 3040712; (8) a Springfield, Operator, .45 caliber semiautomatic pistol, Serial Number 331608; (9) a Taurus, P 945, .45 caliber semiautomatic pistol Serial Number NOD67982; and, (10) Smith and Wesson, M&P 40 Shield, .40 caliber semiautomatic pistol, Serial Number HWS5476.

A TRUE BILL:

███████████████

Foreperson

DAVID C. WEISS
UNITED STATES ATTORNEY

By: *Maureen McCartney*
Maureen McCartney
Assistant United States Attorney

Dated: August 12, 2021

No. _____

# UNITED STATES DISTRICT COURT

District of Delaware

## THE UNITED STATES OF AMERICA

vs.

**RYAN LAMAR FREEMEN**
**SHAQUAYVIS ASBERRY**

## INDICTMENT

**A true bill.**

_____

**Foreperson**

Filed in open court this _____ day,

of _____ 2021

_____

**Clerk**