USAO Rev. 4/22

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Crim. No. 1:21-CR-00055 (CFC)<br>SHAQUAYVIS ASBERRY, )<br>(a.k.a "Smash"), )<br>)<br>Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Christopher L. de Barrena-Sarobe, Assistant United States Attorney, and the defendant, Shaquayvis Asberry, by and through his attorney, Christopher S. Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to: Count One of the Indictment, Conspiracy to Deal in Firearms Without a License, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(a)(1)(A); and Count Two of the Indictment, Possession of a Firearm by a Person Prohibited, in violation of 18 U.S.C. § 922(g)(1).

2. The defendant understands that the maximum penalties for each offense are as follows: Count One – 5 years of imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment; Count Two – 10 years of imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

3. The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt: (1) two or more persons agreed to commit an offense against the United States, here Engaging in the Business of Dealing in Firearms Without a License (the "Firearms Offense"); (2) the defendant was a member of that agreement; (3) the defendant joined the agreement knowing of its objection to commit the Firearms Offense, and intending to join with at least on other person to achieve that objective; and (4) that at some time during the existence of the agreement, at least one of its members performed an overt act in order to further the objectives of the agreement. With regard to the elements of the underlying Firearms Offense, the government would need to also prove beyond a reasonable doubt: (1) the defendant was not licensed to deal firearms; and (2) the defendant willfully engaged in the business of dealing firearms. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

4. The defendant understands that if there were a trial with regard to Count Two, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly possessed at least one of the firearms charged; (2) that at the time he possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; (3) the defendant knew that he was a felon; and (4) the possession of the firearm was in or affecting interstate or foreign commerce. The defendant knowingly,

2

voluntarily, and intelligently admits his guilt to each of the above-described elements of Count Two.

5. The defendant is pleading guilty to Counts One and Two because he is, in fact, guilty.

6. Pursuant to Section 6B1.4 of the November 1, 2021, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

    a. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and

3

departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

7. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

8. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9. The defendant agrees to forfeit pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) all firearms and ammunition involved in the commission of Counts One and Two (hereinafter, the "Property"), to wit: (1) a Sig Sauer, P320, 9mm

semiautomatic pistol, Serial Number 58H071853, loaded with 15 rounds of ammunition in the magazine and 1 in the chamber; (2) a Taurus, G2C, 9mm semiautomatic pistol, Serial Number TLU68615; (3) a Smith and Wesson, M&P 40, .40 caliber semiautomatic pistol, Serial Number NBK6695; (4) a Glock, 37, .45 GAP semiautomatic pistol, Serial Number LAB423; (5) a Glock, 23, .40 caliber semiautomatic pistol, Serial Number EFB964US, loaded with 13 rounds of ammunition in the magazine and 1 in the chamber; (6) a Taurus, PT 145 Pro, .45 caliber semiautomatic pistol, Serial Number NBS59615; (7) a Steyr, S40-A1, .40 caliber semiautomatic pistol, Serial Number 3040712; (8) a Springfield, Operator, .45 caliber semiautomatic pistol, Serial Number 331608; (9) a Taurus, P 945, .45 caliber semiautomatic pistol Serial Number NOD67982; and, (10) a Smith and Wesson, M&P 40 Shield, .40 caliber semiautomatic pistol, Serial Number HWS5476. The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of

the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

10. The defendant agrees to pay the $200 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Counts One and Two, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

11. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

12. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

_____
Christopher S. Koyste, Esquire
Attorney for Defendant

_____
Shaquayvis Asberry
Defendant

Dated: 7-21-2022

DAVID C. WEISS
UNITED STATES ATTORNEY

By: _____
Christopher L. de Barrena-Sarobe
Assistant United States Attorney

AND NOW, this 3rd day of August, 2022, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE COLM F. CONNOLLY
CHIEF UNITED STATES DISTRICT JUDGE

7