IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| SHAQUAYVIS ASBERRY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Criminal Action No. 21-55-CFC-2 |
| | : | Civil Action No. 23-1361-CFC |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondents. | : | |

_____

Shaquayvis Asberry.  *Pro se* Movant.

Maureen McCartney, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

_____


**MEMORANDUM OPINION**


October 17, 2024
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Movant Shaquayvis Asberry ("Movant") filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"). (D.I. 107) The Government filed an Answer in opposition, to which Movant filed a Reply. (D.I. 113; D.I. 115) For the reasons discussed, the Court will dismiss Movant's § 2255 Motion without holding an evidentiary hearing.

I.     **BACKGROUND**

In January 2021, Ryan Freeman was driving a car from Georgia to Philadelphia on Interstate 495 when a Delaware State Police trooper pulled the vehicle over for failing to maintain its lane. (D.I. 77 at 2) Movant was a passenger in the front seat of the car, and Freeman's teenaged nephew was a back seat passenger. (D.I. 113 at 30) The trooper smelled marijuana emanating from the car while he was approaching the vehicle. (D.I. 77 at 2; D.I. 113 at 30) The trooper searched the vehicle and found a total of ten firearms. (D.I. 77 at 3-4) A subsequent investigation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") and the Delaware State Police revealed that three of the ten firearms had been reported as stolen. (D.I. 77 at 3-5; D.I. 77-1 at 1; D.I. 113 at 32-33, 35)

In August 2021, a federal grand jury returned an indictment charging Movant with one count of conspiracy to deal in firearms without a license, in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A), and one count of possession of a firearm by a person prohibited, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.I. 1) Movant pled guilty to both counts on August 3, 2022. (D.I. 50) On May 9, 2023, the Court sentenced Movant to 105 months of imprisonment, followed by three years of supervised release.

(D.I. 87 at 1-3) That sentence was based, in part, on the Court applying the sentencing enhancement for stolen firearms pursuant to U.S.S.G. § 2K2.1(b)(4)(A). Petitioner did not object to the stolen firearm enhancement during sentencing, nor did he appeal his conviction or sentence. Movant filed the instant § 2255 Motion on November 27, 2023.

II.     **DISCUSSION**

Pursuant to U.S.S.G. 2K2.1(b)(4)(A) ("stolen firearm enhancement"), a district court may enhance a defendant's base offense level for a firearms' offense by two-levels if any firearm was stolen. The instant Motion asserts the following two grounds for relief relating to the Court's application of the stolen firearm enhancement: (1) trial counsel provided ineffective assistance by failing to object to the applicability of the stolen firearm enhancement; and (2) the Court "failed in its duty to ensure that the United States carrie[d] its burden by establishing a sufficient and reliable basis for its request for a [§] 2K2.1(b)(4) enhancement." (D.I. 107 at 4-5) For relief, Petitioner asks the Court to remove the two-level enhancement to his base offense level and use the correct guideline. (*Id*. at 12)

  **A. Claim One: Ineffective Assistance of Trial Counsel**

Movant argues that defense counsel should have challenged the Court's application of the two-level stolen firearm enhancement, because the Government did not provide during the sentencing hearing: (1) any testimony proving that the § 2K2.1(b)(4) enhancement should be applied (D.I. 107 at 4); or (2) a copy of the FBI's National Crime Information Center Report ("NCIC Report") listing the guns as stolen (D.I. 115 at 2).

2

Movant has properly raised his ineffective assistance allegation in a § 2255 Motion.  *See Massaro v. United States,* 538 U.S. 500 (2003).  As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984).  Both *Strickland* prongs must be satisfied in order for a movant to successfully show that defense counsel rendered constitutionally ineffective assistance, and the Court can choose which prong to address first.  *See Strickland,* 466 U.S. at 668.

Under the first *Strickland* prong, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance.  *Id.* at 688.  In evaluating an attorney's conduct, a court must avoid "the distorting effects of hindsight" and must "evaluate the conduct from counsel's perspective at the time."  *Id*. at 687.  Under the second *Strickland* prong, Movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.  *See id*. at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994).  In the context of sentencing, Movant can satisfy *Strickland*'s prejudice prong by demonstrating that "a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing… which would not have occurred but for counsel's error." *United States v. Otero*, 502 F.3d 331, 337 (3d Cir. 2007).  The *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable.  *See Strickland,* 466 U.S. at 689.

Movant's argument that counsel was ineffective for not objecting to the stolen firearm enhancement fails to satisfy either prong of the *Strickland* standard. During discovery in this case, the Government provided to Movant: (1) an ATF report that stated "[t]hree (3) of the firearms [recovered during the vehicle stop] were found to have been stolen when they were checked through the National Crime Information Center (NCIC)" (D.I. 113 at 10, 18); and (2) a Delaware State Police report authored by the trooper who stopped Freeman's car which referenced and included the results of the NCIC inquiry confirming that three of the ten recovered firearms were stolen. (D.I. 113 at 10, 32-33) During the sentencing phase, the Government provided the same ATF report to the Court, along with its sentencing memorandum referencing the NCIC database results that three of the firearms were stolen. (D.I. 77 at 3-5, footnotes n. 1-4; D.I. 77-1 at 1, ¶ 2)

The Third Circuit has explained that, while a police report is not "inherently reliable," it "also is not inherently unreliable," and a court must use the "general principle that the facts upon which a judge bases a sentence must have sufficient indicia of reliability to support [their] probable accuracy." *United States v. Leekins*, 493 F.3d 143, 149 (3d Cir. 2007). Movant has not produced any evidence to rebut the evidence that the three guns were stolen, and his arguments concerning the lack of testimony about the firearms being stolen and the Government's failure to provide the actual NCIC report do not provide a reason to question the veracity of the ATF report or the Delaware State Police report stating that the guns were stolen. Because undisputed evidence supports the applicability of the stolen firearm enhancement, the Court concludes defense counsel did not perform deficiently by not objecting to the enhancement. *See Real v.*

4

*Shannon*, 600 F.3d 302, 306 (3d Cir. 2010) (an attorney is not ineffective for failing to raise a meritless objection).

Nor can Movant demonstrate that he was prejudiced by defense counsel's failure to object to the application of the stolen firearm enhancement. The "burden of proof for facts relevant to sentencing [is] preponderance of the evidence." *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007). The record provided to the Court during sentencing conclusively established that three of the firearms Movant possessed were stolen. Since the Government satisfied its burden of proving by a preponderance of the evidence that the firearm enhancement applied, Movant cannot demonstrate a reasonable probability that he would have received a lower sentence but for defense counsel's failure to raise a meritless objection to the enhancement.

Accordingly, the Court will deny Claim One.

### B. Claim Two: Court Erred in Applying Stolen Firearm Enhancement

If a movant fails to raise a claim on direct appeal, that claim is procedurally defaulted and cannot thereafter be reviewed pursuant to 28 U.S.C. § 2255 unless the movant demonstrates cause for the default and prejudice resulting therefrom, or that he is actually innocent. *See Bousley v. United States,* 523 U.S. 614, 616, 621-23 (1998). To establish cause for a default, a movant must demonstrate that "some objective factor external to the defense impeded counsel's efforts to raise the claim." *United States v. Essig*, 10 F. 3d 968, 979 (3d Cir. 1993), *abrogated on other grounds as explained in United States v. Peppers*, 482 F. App'x 702, 704 n.5 (3d Cir. 2012). To establish prejudice, a movant must show "that the errors at [his] trial . . . worked to [his] actual and substantial disadvantage, infecting [his] entire trial with error of constitutional

5

dimensions." *United States v. Frady*, 456 U.S. 152, 179 (1982). If the movant fails to demonstrate cause, a court is not required to determine if the movant was prejudiced by the default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). And finally, a movant establishes actual innocence by demonstrating that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623.

In Claim Two, Movant contends that the Court abused its discretion in applying the § 2K2.1(b)(4)(A) enhancement because the Government did not satisfy its burden to establish "a sufficient and reliable basis" warranting its application. It is undisputed that Movant did not appeal the application of the stolen firearm enhancement because he did not file a direct appeal. Thus, Claim Two is procedurally defaulted, which means the Court cannot review its merits absent a showing of cause and prejudice, or actual innocence.

Counsel's failure to preserve or raise a claim on direct appeal can constitute cause for a movant's procedural default only if counsel's failure amounts to constitutionally ineffective assistance of counsel. *See Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). Movant attempts to establish cause for his default by blaming defense counsel for not objecting to the enhancement or filing a direct appeal challenging the application of the enhancement. (D.I. 107 at 5) As just discussed, defense counsel's failure to object to the stolen firearm enhancement did not amount to constitutionally ineffective assistance. *See supra* at Section II.A. For the same reasons, the Court concludes that defense counsel did not render ineffective assistance by not appealing the application of the stolen firearm enhancement. Since Movant does

6

not assert any other reason for his failure to appeal the application of the stolen firearm enhancement, the Court concludes that he has failed to demonstrate cause for his default of Claim Two.

In the absence of cause, the Court need not address the issue of prejudice. Nevertheless, Movant cannot demonstrate any actual prejudice warranting relief from his procedural default. The PSR stated that three of the ten firearms were stolen. (D.I. 79 at ¶¶ 24, 26, 27, 99) Given Movant's failure to object to the PSR's statement, the Court properly relied on the PSR's factual statement that the three firearms were stolen. *See United States v. Foster*, 891 F.3d 93, 113-14 (3d Cir. 2018) (a sentencing court may "rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant."). The record also contains the following additional and sufficient evidence to support the Court's determination – by a preponderance of the evidence – that three of the firearms possessed by Movant were stolen: (1) the Government's sentencing memorandum (D.I. 77 at 3-5, footnotes n. 1-4; D.I. 77-1 at 1, ¶ 2); (2) the ATF report referencing the NCIC data base search results that three firearms were stolen (D.I. 113 at 13); and (3) the Delaware State Police report, which referenced and included a summary of the NCIC database search results identifying as stolen three of the firearms Movant possessed (D.I. 113 at 32-33). Because this record demonstrates that the Court correctly applied the enhancement, Movant's sentence would have been the same even if he had appealed the application of the stolen firearm enhancement. Thus, Movant has failed to demonstrate that he was prejudiced by his default of Claim Two.

7

Movant does not present any argument of actual innocence, and nothing in record supports such a finding. Therefore, Movant cannot overcome his procedural default on the basis of actual innocence.

Accordingly, the Court will deny Claim Two as procedurally defaulted.

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. The record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes that an evidentiary hearing is not warranted.

## IV. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Motion fails to warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.     CONCLUSION

For the reasons discussed above, the Court will deny the instant Motion without an evidentiary hearing.

The Court will issue an Order consistent with this Memorandum Opinion.